# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| CHARLIE LAMONTE MCKINNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV620-050 |
| | ) | |
| SERGEANT MULLINS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff filed this 42 U.S.C. § 1983 complaint on May 19, 2020 alleging an inappropriate sexual relationship between himself and one of his prison guards. Doc. 1. The Court granted him leave to proceed *in forma pauperis*, doc. 3, and Plaintiff returned the necessary forms, docs. 6 & 8. The Court now screens plaintiff's complaint under 28 U.S.C. § 1915A.[1]

---

[1] The Prison Litigation Reform Act (PLRA) requires federal courts to conduct an early screening in all civil cases of any complaint in which a prisoner seeks redress from a government entity or official. *See* 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. *Id.* Similarly, 42 U.S.C. § 1997e(c)(2) allows the Court, under the same four standards for dismissal listed in § 1915A, to dismiss any prisoner suit brought "with respect to prison conditions." Therefore, the Court examines plaintiff's complaint to determine whether he has stated a claim for relief under 42 U.S.C. § 1983.

## BACKGROUND

Plaintiff alleges that while incarcerated at Georgia State Prison, he engaged in an inappropriate sexual relationship with a prison guard. Doc. 1-1 at 7. He alleges that after this sexual relationship ended, he suffered retaliation by other prisoners and guards and that his grievances and Prison Rape Elimination Act claims have been mishandled. *Id.* at 10-12. He alleges that he also sought to be evaluated by medical or mental health professionals, but that his request was denied. *Id.* Likewise, he expresses concerns that he will be injured because of "muslims." *Id.*

## ANALYSIS

Regardless of the severity of the claims alleged by McKinney, his claims must fail. Under the PLRA exhaustion provision, a prisoner must exhaust all available administrative remedies *before* filing an action that challenges the conditions of his confinement. *See* 42 U.S.C. § 1997e(a). Exhaustion is a "precondition to suit" that must be enforced even if the available administrative remedies are either "futile or inadequate." *Harris v. Garner*, 190 F.3d 1279, 1285-86 (11th Cir. 1999), *aff'd in part and vacated and remanded on other grounds by Harris v. Garner*, 216 F.3d 970 (2000) (*en banc*); *see also Jones v. Bock*, 549 U.S. 199, 199-200 (2007) ("There is no question that exhaustion is mandatory under the PLRA"). When a defendant moves to dismiss and puts

2

forward proof showing that plaintiff failed to exhaust and defendant did not inhibit his efforts to do so, the PLRA requires the Court to dismiss the unexhausted claims. *See Turner v. Burnside*, 541 F.3d 1077, 108-83 (11th Cir. 2008) (describing the two-prong "facial" and "factual" evaluation of exhaustion as a "matter in abatement," as it is a precondition to suit, not an adjudication on the merits); *Harris*, 190 F.3d at 1285-86. Despite administrative exhaustion usually being asserted as an affirmative defense, it can apply at screening where it is "clear from the face of the complaint." *Okpala v. Drew*, 248 F. App'x 72, 73 (11th Cir. 2007). Simply put, if an administrative remedy is "available," it *must* be exhausted. 42 U.S.C. § 1997e(a).

Not only does the PLRA require exhaustion, it "requires proper exhaustion," *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), which means an inmate must "us[e] all steps" in the administrative process, and comply with any administrative "deadlines and other critical procedural rules," before filing a complaint about prison conditions in federal court. *Id*. at 89-91 (citation omitted); *see also Lambert v. United States*, 198 F. App'x 835, 840 (11th Cir. 2006) (proper exhaustion requires filing a grievance "under the terms of and according to the time set by" prison officials). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules

3

governing prisoner grievances, he procedurally defaults his claims. *Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir. 2005).

Plaintiff however has indicated that he did make use of the grievance procedure, doc. 1-1 at 13, and that the grievance was appealed, *id.* at 14. However, he notes that the grievance was "denied for failure to file grievance within ten days of []knowing or have known about the facts rising to my complaint." *Id.* Plaintiff has pled facts clearly stating that he failed to properly exhaust his case. His complaint states that his grievance was denied because he failed to file it within ten days from the incident. As a result, he has procedurally defaulted whatever claims he had and his case in this court cannot proceed.[2] Accordingly, this case, and all pending motions should be **DISMISSED**.[3]

---

[2] Plaintiff suggests that his claims *may* have been mistreated by prison officials, but he does not allege that he was unable to timely file his grievance. Thus, he does not assert that the administrative remedies were unavailable in this case, nor is it likely he could succeed if he had. *See also Ross v. Blake*, __ U.S. __, 136 S. Ct. 1850, 1859 (2016) (prisoners need only exhaust those remedies which were available to them). Plaintiff also fails to demonstrate an exception to the PLRA's procedural bar. Three circumstances can render an administrative remedy, "although officially on the books," unavailable: (1) where the administrative procedure "operates as a simple dead end -- with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when administrative remedies are so confusing that they are "essentially 'unknowable'"; or (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60.

[3] Generally, a *pro se* plaintiff is granted at least one opportunity to amend. *Jenkins v. Walker*, 620 F. App'x 709, 711, (11th Cir. 2015) (*citing Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc)) ("When a more carefully drafted complaint might state a

Meanwhile, it is time for plaintiff to pay his filing fees. Plaintiff's prisoner trust fund account statement reflects $51.67 in average monthly. Based upon his furnished information, he owes a $10.33 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula) (emphasis added). Furthermore, the custodian also shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

---

claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action."); *see also* Fed. R. Civ. P. 15(a)(2)(courts should grant leave to amend "freely . . . when justice so requires"). However, the Court is under no such obligation "if the amended complaint would still be subject to dismissal." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). That's the case here. Plaintiff cannot plead any set of facts against the state which would allow his claims to proceed.

5

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 6th day of August, 2020.

*/s/ Christopher L. Ray*
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia